App. Div. 673, 676, 99 N. Y. Supp. 1026. Such amendment will not change the cause of action. It is not essential, though, that the plaintiff should declare that he is suing in a representative character. Parker v. Paine, 37 Misc. Rep. 768, 76 N. Y. Supp. 942.

The argument that the plaintiff was a trustee "authorized" to collect the money and pay it over to Mr. Wadsworth need not be discussed in view of the conclusions reached.

It follows that a verdict should be directed in favor of the plaintiff "Jacob Dilcher, for the use of George Wadsworth," upon the second cause of action set forth in the complaint for $6,802.05; and, though no motion has been made for a nonsuit as to the first cause of action alleged, it should be disposed of by granting a nonsuit.

---

(117 App. Div. 178)

### In re UNITED STATES TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. January 25, 1907.)

1. TRUSTS—DEPOSIT IN BANK—DEATH OF BENEFICIARY—EFFECT.

A trust created by a father by his depositing money in a bank in his name, in trust for a son, terminates ipso facto on the son's death in the lifetime of the father, and thereafter the fund remains the property of the father, unimpressed by any trust.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 47, Trusts, § 84.]

2. WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEDENT.

A wife, seeking, as executrix of her deceased husband, to recover a fund deposited by his deceased father in a bank in his own name, in trust for the husband, is incompetent to testify that the father communicated to the husband the fact that the deposit had been made.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 50, Witnesses, §§ 696, 697.]

3. TRUSTS—ENFORCEMENT—ACTIONS—EVIDENCE—ADMISSIBILITY.

In a proceeding by a wife, as executrix of her deceased husband, to recover a fund deposited by his father, since deceased, in a bank in his own name, in trust for the husband, evidence that the husband's mother contributed some of the money which the father thus deposited was immaterial.

Ingraham, J., dissenting.

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the account of the United States Trust Company of New York, as executor of Alonzo W. Balch, deceased. From an order of the circuit court, confirming the report of a referee, Adelaide M. Balch, executrix of David C. Balch, deceased, appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

John D. Fearhake, for appellant Adelaide M. Balch.
Evan Shelby and Peter S. Carter, for respondents.

SCOTT, J. Alonzo Balch, the testator, on March 15, 1873, opened two savings bank deposits in different banks, and to the credit of each account deposited $250. Each account was opened in the name of "Alonzo W. Balch in trust for David C. Balch"; the latter being the

son of Alonzo. But a single amount was drawn from each account in 1876, and additional sums were paid in to each account at various times. On February 13, 1902, David C. Balch, the son, died, leaving a widow, Adelaide M. Balch, his sole legatee and executrix. The father, depositor of the funds, died on December 31, 1903, having made no withdrawals from or deposits to the credit of either account since his son's death, or for a long time prior thereto. There is evidence that the attention of Alonzo Balch was called to the bankbooks after his son's death, and shortly before he himself died, but he did no act in relation thereto.

The appellant, as executrix of David C. Balch, deceased, claims to be entitled to receive the sums now on deposit in the savings banks to the credit of the aforesaid accounts. As pointed out by the Court of Appeals in a recent case (Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711), the law respecting so-called "savings bank trusts" is of recent growth, and for some time there was no little doubt as to their true status and character. The Court of Appeals in the case just cited has established a rule respecting them, which is stated to have been arrived at after much reflection, as follows:

"A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

As this rule was formulated with great care, we are to assume that the words in which it is couched were advisedly chosen. It will be seen upon a careful reading that the trust is, in the first place, described as a "tentative trust," by which we understand a suggested or proposed trust, not completed or consummated. It will also be noted that the subject of the trust, when it finally becomes consummate, is the balance on hand at the death of the depositor. It would seem to follow that until the depositor's death the funds on deposit are impressed with no trust in the sense that any title thereto, actual or beneficial, vests in the proposed beneficiary unless the depositor shall have completed the gift in the manner suggested by the case above cited. As to him the tentative trust remains inchoate and incomplete. The appellant as executrix of David C. Balch can have no right to the moneys on deposit, unless her testator had at the moment of his death some property right in or title to the money then on deposit to the credit of the accounts. That he had acquired no such right or title as a gift inter vivos is settled by authority. Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531. There seems to be like authority for the proposition that David C. Balch had no such present right or title at the time of his death as the proposed beneficiary of a trust. Cunningham v. Davenport, 147 N. Y. 43, 41 N. E. 412, 32 L. R. A. 373, 49 Am. St. Rep. 641. In the latter case one John Cunningham had opened a savings bank account in the name of "John Cunningham, in trust for Patrick Cunningham, his brother." Patrick

died before the depositor, and three days later John caused the account to be changed to his own name, and afterwards drew out all the money. Patrick Cunningham's administrator claimed to be entitled to the moneys on deposit at the time of his decedent's death. His claim was disallowed by the Court of Appeals. While not so stated in words by that court, it must have been considered that Patrick Cunningham at the time of his death had no interest in or title to the fund which passed to his legal representative. Otherwise, the latter's claim would have been impregnable. Furthermore, the tentative trust indicated by the manner of the deposit was proposed only for David C. Balch, the depositor's son, who was a young lad when the deposits were first made. There is nothing whatever to indicate that the father intended that, in any event, any person other than his son should become the beneficiary of the accounts. We are of the opinion that the tentative trust suggested by the form in which the savings bank accounts were opened never became consummated so as to vest in David C. Balch, in his lifetime, any present title or interest in the moneys deposited to the credit of the accounts, that upon the death of the sole proposed beneficiary before the depositor, the tentative trust terminated ipso facto, and that the funds on deposit thereafter remained the sole property of the depositor, unimpressed by any trust tentative or consummate, and that no action was necessary on the part of the depositor to terminate the trust. Consequently nothing passed to David C. Balch's executrix, and she can establish no claim to the moneys in question.

We find no error in the exclusion of evidence offered by the executrix. That she or her husband knew of the fact of the deposit would be wholly immaterial, unless that fact had been communicated by Alonzo Balch, the depositor, and she certainly was incompetent to prove any personal transactions with him. Nor would it be significant or material to show that the husband's mother contributed some of the money which Alonzo Balch deposited.

The order appealed from should be affirmed, with costs. All concur, except INGRAHAM, J., who dissents.

INGRAHAM, J. (dissenting). The testator on March 15, 1873, opened two savings bank accounts, one in the Bowery Savings Bank, and the other in the Seamen's Bank for Savings. In each of these accounts he deposited $250. In the Bowery Savings Bank the account was opened, "Bowery Savings Bank, in account with Alonzo W. Balch in trust for David C. Balch, his son." In the Seamen's Bank for Savings it was "Seamen's Bank for Savings in account with Alonzo W. Balch in trust for David C. Balch." From the account in the Bowery Bank there was drawn out $33.10 on February 9th, the year not stated. The interest was credited in this bank book in 1874, 1876, 1879, 1881, 1891; and on March 3, 1891, $100 was deposited and the account remained in this condition until the death of the testator. In the Seamen's Bank for Savings there was withdrawn on July 2, 1876, $71.86. The interest was credited on this account from January, 1874. On March 3, 1874, $200 in addition was deposited, and the bank book was balanced on January 1, 1879, showing a balance of $526.90. On February

28, 1891, $200 in addition was deposited and the account continued without further change to the death of the testator. At the time these accounts were opened the. testator had a son, David C. Balch; six years of age. This son died on February 13, 1902, leaving a last will and testament, making his wife, Adelaide M. Balch, sole legatee and appointing her executrix, which was admitted to probate and letters testamentary issued. The testator died on December 21, 1903, leaving a last will and testament which was admitted to probate, and letters testamentary were issued to the United States Trust Company as executor.

The question presented is whether the appellant as executrix of David C. Balch is entitled to the amount of these two deposits. There is evidence that the testator's attention was called to these two bank books shortly before his death and after the death of the beneficiary, but the testator did no act which indicated an intention to revoke the trust. By this deposit with the savings bank in trust for the depositor's son there was created a trust. The depositor became the trustee and the son the beneficiary. The accounts were not active accounts. They were not used by the testator for his personal deposits. There was but one withdrawal from each of the accounts, and but three additional deposits during the 30 years that they were in existence before the death of the testator. In the absence of· any communication of the existence of the trust to the beneficiary, or any other act of the creator of the trust to indicate an intention to make the trust irrevocable, these trusts were revocable by the testator at any time prior to his death. Matter of Totten, 179 N. Y. 112, 71 N. E. 748, 70 L. R. A. 711. If the testator had died before the beneficiary, without revoking the trust, there could be no question but that the beneficiary would have been entitled to the amount deposited. The court below held that this trust was revoked by the death of the beneficiary prior to the depositor's death. The whole question is discussed and the various decisions in this state upon this subject considered in Matter of Totten, supra. It is there said:

"When a deposit is made in trust, and the depositor dies intestate leaving it undisturbed, in the absence of other evidence, the presumption seems to arise that a trust was intended in order to avoid the trouble of making a will. * * * After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

This decision settles the disputed question in relation to these savings banks deposits, except in case of the death of the beneficiary before the depositor. The trust being revocable by the depositor, any act indicating an intention of the depositor to revoke it would be sufficient, but it is revocable by the creator of the trust, and, if he allows

the trust to continue after the death of the beneficiary, it would seem to indicate that he intended it should continue and upon his death become absolute. The trust, which is revocable by the trustee or creator of the trust, continues as a valid trust until by some act of the creator of the trust who reserves the right to revoke it the trust was revoked. It was not revocable by the act of any person except the creator of the trust, and it was to remain a valid trust if unrevoked at his death. The death of a beneficiary does not revoke a trust of which he is the beneficiary, and if a trust was created by the deposit, in the absence of any act of the testator indicating an intention to revoke, the trust continues, and after the death of the creator of the trust the beneficiary, or his personal representatives, is entitled to the trust fund. In Matter of Bulwinkle, 107 App. Div. 331, 95 N. Y. Supp. 176, the creator of the trust after the death of the beneficiary erased the name of the beneficiary from the bank book and treated the account as a personal account, depositing and withdrawing moneys, and this justified the conclusion that the creator of the trust revoked it before her death. In Garvey v. Clifford (Sup.) 99 N. Y. Supp. 555, it was held under the facts then disclosed that no trust was created. It is said that this trust is tentative, dependent upon the survival of the beneficiary, but there is no evidence to show that such was the intention of the depositor. He undoubtedly reserved the right to revoke it, and to that extent it was tentative, but his failure to revoke it after the death of the beneficiary of which he had knowledge indicated an intention to continue it.

I am also inclined to think that it was error to exclude the testimony of the executrix of the son. The testatrix was called and asked as to communications made to her by the beneficiary to show that he had knowledge of the existence of the trust during his life. The fact that the beneficiary had notice of the existence of the trust in his favor was a fact which was competent evidence, and that fact could be proved by declarations by the beneficiary indicating that he had such knowledge. The testimony of Adelaide M. Balch was offered in behalf of the estate of which she was the executrix. She was not an adverse party to the estate of which she was executrix, and, if it was competent to prove that her husband had notice of the existence of this trust, the fact that her husband was dead and she was interested in his estate would not make her testimony invalid under section 629 of the Code. The evidence was not offered to prove personal transaction with the creator of the trust against whose estate a claim was made, but a declaration made by the beneficiary to show that he had knowledge of the existence of the trust.

I think, therefore, that this order should be reversed.