(120 App. Div. 798)

### In re WOLTMAN.

(Supreme Court, Appellate Division, First Department.  July 15, 1907.)

TRUSTS—SAVINGS ACCOUNT—TITLE TO PROPERTY—DETERMINATION—PROCEEDINGS.

    Where testator deposited certain of his savings in a savings bank in the name of an incompetent in trust for testator, whether an irrevocable trust was created, so that the proceeds of the deposit passed to testator's executor, could not be determined on an application by the incompetent's committee to compel such executor to deliver the savings bank books showing such deposits to the committee.

Appeal from Special Term, New York County.

Petition by Christopher Blackburn and Andrew Pfirrmann, as committee of the person and property of Diedrick Woltman, an incompetent, to compel George E. Alstadt to deliver to petitioners certain savings bank books showing an account in the name of Diedrick Woltman in trust for Herman Woltman.  From an order directing the summary delivery of the books, Alstadt appeals.  Reversed.  Petition denied.

Argued before McLAUGHLIN, INGRAHAM, CLARKE, HOUGHTON, and LAMBERT, JJ.

Purdy, Squire & Rowe (George A. Kues and Allan C. Rowe, on the brief, of counsel), for appellant.

Firsson & Beall (D. J. Mooney, of counsel), for respondents.

CLARKE, J.  This is an appeal from an order of the Special Term, upon a petition and notice of motion to compel the respondent, George E. Alstadt, to deliver to the petitioner two savings bank books showing accounts in the name of "Diedrick Woltman, in trust for Herman

Woltman.". The petition alleges that the petitioners were, by order made and entered on the 6th day of May, 1907, appointed the committee of the person and property of Diedrick Woltman, an incompetent person, and duly qualified and entered upon the duties of such committee; that the petitioners were informed and believed that George E. Alstadt, or his attorney, had in their possession certain property belonging to the incompetent, to wit, the bank book of the German Savings Bank, No. 304,082, showing an account of Diedrick Woltman, in trust for Herman Woltman, in which there is an apparent balance of $1,370.16, and the bank book of the Dry Dock Savings Institution, No. 470,006, showing an account of Diedrick Woltman, in trust for Herman Woltman, in which there is an apparent balance of $2,833.06, and refused to turn over same to said petitioners as committee, although duly demanded. The appellant, Alstadt, filed an affidavit in which he admitted that he had the bank books demanded in his possession, and alleged:

"That the said Herman Woltman is dead, having departed this life on the 17th day of February, 1907; that the said Herman Woltman left a last will and testament, in which your deponent, George E. Alstadt, is named as executor; that said last will and testament was duly filed for probate in the office of the Surrogate's Court in the county of New York; that a citation was duly served upon all the heirs at law and next of kin of said decedent, and was returnable on the 15th day of April, 1907; that on the return day of said citation, none of the said heirs at law or next of kin appeared except the only infant in the proceeding, one Frederick Maxwell, an infant of the age of 20 years, who appeared by a special guardian, Daniel J. Mooney; that no objections have been filed to the probate of said will, and said probate only awaits the report of the special guardian; that deponent knows of his own knowledge that the deposits made in said accounts were made by the said Herman Woltman personally out of his own savings, and not by the said Diedrick Woltman, or from any savings of the said Diedrick Woltman; that since the appointment of the committee for said Diedrick Woltman there has been no appointment of any trustee by any court of competent jurisdiction for Herman Woltman to succeed the said incompetent, Diedrick Woltman."

The question whether the moneys deposited in the savings banks in the name of "Diedrick Woltman, in trust for Herman Woltman," belonged to Diedrick Woltman, the incompetent, and hence should be put into the possession and control of the committee of his property, or belonged to Herman Woltman, the deceased, and hence passed to the custody and control of the executor appointed by his will, cannot be determined upon this proceding. Therefore the cases cited by the respondent upon the question of the tentative or revocable trusts created by accounts opened in savings banks of the kind illustrated in the matter at bar are not conclusive here. The question of title to the fund must be decided otherwise than by an order made upon a petition to compel the delivery of the bank books. In Matter of Totten, 179 N. Y. 112, 71 N. E. 748, the Court of Appeals said:

"A deposit by one person of his own money in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a testative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as a delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary, without revocation, or some decisive act or declaration of disaffirmance, the presumption

arises that an absolute trust was created as to the balance on hand at the death of the depositor."

This court said, in Garvey v. Clifford, 114 App. Div. 193, 99 N. Y. Supp. 555:

"The depositor did not die before the beneficiary, without revocation; but, on the contrary, the alleged beneficiary died before the depositor. Whatever intention he may have had, so far as Johanna was concerned, if he had any, was defeated by her death."

Both of those cases proceeded upon the assumption that the money deposited at the time of the deposit was the money of the depositor, and laid stress upon the point that this fact, standing alone, did not establish an irrevocable trust, and, further, that there was an absence of proof of some unequivocal act or declaration, such as a delivery of the pass books or notice to the beneficiary, necessary to destroy the inference of a tentative trust.

Nothing is alleged in the petition in the matter at bar save the title under which the accounts were opened. The answering affidavit sets up as matter of fact that the moneys deposited were at the time of deposit not the moneys of the depositor, but of Herman Woltman; and this, coupled with the possession of the bank books by Herman Woltman, or his executor, would be evidence upon a trial of the issue tending to establish ownership in the fund in the decedent, and not in the incompetent. As possession of the bank books is such evidence of title, under the facts disclosed upon this record, it would be improper to change that possession pendente lite. The parties should be left to litigate the real question between them in an action.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.