ders. The defendant had opportunity to, and actually did, litigate the issue whether any rent was due at the time and the decision of the court has become res adjudicata. It is quite true that the defendant took appeals from similar orders, and this court has held that no rent was due during the time that a partial eviction continued. Apparently, therefore, the Municipal Court orders were erroneous. Nevertheless the orders were valid until reversed on appeal and cannot be attacked collaterally. The plaintiff has shown that the payments of the rent were made under the orders of the court which were then valid and are still unreversed and in force, and these orders constitute a complete defense to the counterclaim.

The judgment should be affirmed, with costs. All concur.

---

(65 Misc. Rep. 66.)

### RUSH v. SOUTH BROOKLYN SAVINGS INST.

(Supreme Court, Appellate Division, Second Department. November 19, 1909.)

1. TRUSTS (§ 34*)—TRUST ACCOUNT IN SAVINGS BANK—REVOCATION OF TRUST.

Mere opening of a trust account in a savings bank constitutes no more than a revocable or tentative trust, revocable at any time by the depositor, unless the account book is delivered to the beneficiary or some other formal act done to indicate an attempt by the depositor to create an irrevocable trust.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 44; Dec. Dig. § 34.*]

2. TRUSTS (§ 34*)—TRUST ACCOUNT IN SAVINGS BANK—REVOCATION OF TRUST.

Where a depositor of a trust account in a savings bank sought to withdraw the money, and the bank insisted on its statutory privilege of requiring 60 days' notice, and she thereupon gave a written notice of withdrawal, describing herself as trustee pursuant to the form in which the account was opened to meet the requirements of the depository, it constituted as complete a revocation of the trust as if the actual money was then delivered; the provisions of the statute as to notice being for the bank's protection only, and not inuring to the benefit of the beneficiary.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 44; Dec. Dig. § 34.*]

3. EVIDENCE (§ 273*)—DECLARATIONS—SELF-SERVING DECLARATIONS.

Declarations by a depositor of a trust account in a savings bank at the time of her attempt to withdraw the fund, tending to explain her intent, were admissible on the question of her revocation of the trust, and were not self-serving when made because the trust was then merely tentative and revocable.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1108–1120; Dec. Dig. § 273;* Trusts, Cent. Dig. § 132.]

Appeal from Special Term, Kings County.

Action by Joseph S. Rush, executor of Hannah E. Owens, deceased, against the South Brooklyn Savings Institution. From a judgment for plaintiff, defendant appeals. Affirmed.

The following is the opinion of Carr, J., at Special Term:

The plaintiff is the executor of the last will of one Hannah E. Owens, deceased. Mrs. Owens during her lifetime was generally known as Lizzie Owens. During her lifetime Lizzie Owens opened an account with the defendant in form as follows: "Lizzie Owens in trust for Lizzie Owens." To the clerk at the savings bank who had charge of the opening of the account she gave the residence of the beneficiary Lizzie Owens as No. 11 Atlantic avenue, and the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

age as 26 years, and her father's name as Frank and her husband's name ———. At the time of the death of the Lizzie Owens, who is represented by this plaintiff, the moneys to the credit of said account was still on deposit with the defendant, and the plaintiff now sues for them on the theory that said moneys belong to the estate of his decedent. On the trial of the action he has attempted to prove that the beneficiary in the alleged trust account was a fictitious person, and I think he has succeeded therein to a practically moral certainty. In giving the proof on this point, he has, however, offered certain declarations of the decedent in regard to the savings bank account made during her lifetime, and it is insisted that these admissions are not admissible in evidence as being self-serving. They were admitted subject to a motion to strike out, and that motion is now before the court for determination.

At the close of all the testimony in the case, the defendant moved for a dismissal of the complaint, and the plaintiff for a direction of a verdict, and the court directed a verdict for the full amount claimed, subject to the opinion of the court as provided by section 1185 of the Code of Civil Procedure. It seems to me that the plaintiff was entitled to a judgment under all the facts proved in the case, even though the declarations of the decedent be stricken out as inadmissible. It is well settled law, in regard to these trust accounts in savings banks, that the mere opening of an account constitutes nothing more than a revocable or tentative trust, which may be revoked at any time by the depositor, unless either the account book is delivered to the beneficiary or some other formal act done to indicate an attempt on the part of the depositor to create an irrevocable trust. It has been held that, where a depositor withdraws either all or part of the funds to the credit of such an account, the trust will be deemed to have been revoked as to the funds so drawn. Matter of United States Trust Company, 117 App. Div. 178, 102 N. Y. Supp. 271; Id., 189 N. Y. 500, 81 N. E. 1177.

It is true that the depositor, Lizzie Owens, did not withdraw these funds from the defendant during her lifetime, but she had taken every step that was possible for her to make an actual withdrawal. It appears that she went to the office of the defendant, and sought to withdraw the money, but at that time the defendant was insisting upon its statutory privilege of requiring 60 days' notice because of the then existing financial disturbance in the city of New York. She thereupon gave a written notice of withdrawal in order to be able to collect the money at the end of the 60 days. In this notice she describes herself as "Lizzie Owens in trust for Lizzie Owens"; but, as this was in the form in which the account was opened, she had to employ such form in order to meet the requirements of the depositary. I think this act of hers constitutes as complete a revocation of the trust as if the actual money had been handed over to her across the defendant's counter.

The provisions of the statute as to the 60 days' notice was for the defendant's protection only, and could not inure to the benefit of the real beneficiary if there had been one. If I am correct in this view, then the question as to the admission of evidence as to the declarations of the decedent at the time of her attempt to withdraw the funds is immaterial. I think, however, these declarations were admissible in evidence, as they tended to explain the intent of the depositor in the attempt to withdraw the fund. They were not self-serving declarations at the time they were made, because at that time the trust was merely tentative and revocable, and no one had any absolute right in it as against its creator.

I am satisfied that on the evidence in the case, that there never was an actual beneficiary, the form in which the account was opened was but a devise of the decedent in relation to her own funds.

Judgment is therefore directed for the plaintiff.

Argued before WOODWARD, JENKS, BURR, RICH, and MILLER, JJ.

J. Warren Greene, for appellant.
J. W. Van Gorden, for respondent.

PER CURIAM. Judgment affirmed, with costs, on the opinion of Mr. Justice Carr at Special Term.