In the Matter of the Estate of SAMUEL C. COLLINS, Deceased.

Surrogate's Court, Suffolk County, February 4, 1931.

*George W. Hildreth*, for the petitioner.

*Robert P. Griffing*, for the executors.

PELLETREAU, S. Samuel C. Collins and Mary A. Collins were husband and wife residing in Riverhead. The said Samuel C. Collins had a position or employment in New York city continuously for many years, coming to Riverhead week-ends until the later years of his life, when he resided in Riverhead continuously. They had no children and said Samuel C. Collins died November 26, 1929. During his lifetime there was deposited various sums of money by Mary A. Collins in the Riverhead Savings Bank in the name of "Mary A. Collins in trust for Samuel C. Collins." On January 2, 1929, the account with interest accumulated thereon amounted to $3,393.51. Under like conditions she also deposited in the Suffolk County Trust Company various amounts in the name of "Mary A. Collins in trust for Samuel C. Collins;" the account with interest thereon March 7, 1929, was $6,689.76. She likewise deposited in the Suffolk County Trust Company another account in the name of Mary A. Collins on which there is a balance of $77.10. Pass books were issued for each of the said accounts. The said Mary A. Collins is still living. These books were kept in a tin box in the home of Mr. and Mrs. Collins. When Mr. Collins died the said box and contents remained in Mrs. Collins' home. She is seventy-eight years of age and feeble. Some time after the death of Mr. Collins, the executors of his will came to Mrs. Collins' house and obtained said tin box containing the aforesaid bank books or pass books. Under the circumstances in which the said books passed into the possession of the executors of the estate of Mr. Collins, I do not consider that Mrs. Collins by that fact alone relinquished or surrendered any rights in said bank accounts.

The question arises as to the ownership of the bank accounts. Prior to 1904 there was much conflicting authority upon the subject of trust accounts in banks. In that year the Court of Appeals in *Matter of Totten* (179 N. Y. 112) established a general rule and clarified the situation. On page 125 Judge VANN wrote: " While

we have considered we do not cite the numerous cases decided by the Supreme Court bearing upon the question, owing to the conflict in the opinions of learned justices in different Appellate Divisions. It is necessary for us to settle the conflict by laying down such a rule as will best promote the interests of all the people in the State. After much reflection upon the subject, guided by the principles established by our former decisions, we announce the following as our conclusion: A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration, such as delivery of the pass book or notice to the beneficiary. In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor."

The authorities submitted in behalf of the executors of the will of Samuel C. Collins are of various dates prior to 1904. Under all circumstances, I consider the trust accounts tentative only and revocable at will of Mary A. Collins. She put the money in the bank and she was and is the trustee. She did not and has not surrendered her rights. The trust being tentative and not irrevocable, Mary A. Collins, in my opinion, could and still can revoke the trust. Had the depositor died before the beneficiary without revocation, the trust would have become absolute as to the balance on hand at her death. I consider *Matter of Totten* (*supra*) controlling. The principle there established is restated and amplified in *Tierney* v. *Fitzpatrick* (195 N. Y. 433, decided in 1909, opinion by Judge WILLARD BARTLETT).

I conclude that the petition of Mary A. Collins should be granted. That she is entitled to the custody and possession of the aforesaid bank books or pass books and can revoke the trusts by withdrawing the money deposited in said accounts if she so desires. The prayer of the petition is granted. Decree accordingly.