## Snyder's Estate

*James L. Adams* and *Charles D. Smeltzer*, for exceptants.

*John Kennedy Ewing, 3d*, of *Saul, Ewing, Remick & Saul*, contra.

KLEIN, J., July 1, 1938.—A deposit in a savings fund account in the name of the depositor in trust for a named beneficiary constitutes a tentative trust. It has been settled beyond question that, upon the death of the depositor in the lifetime of the beneficiary, the balance on deposit becomes the absolute property of the latter: In re Totten, 179 N. Y. 112 (1904); Scanlon's Estate, 313 Pa. 424 (1933); Pozzuto's Estate, 124 Pa. Superior Ct. 93 (1936); A. L. I. Restatement of Trusts, sec. 58.

Therefore it is clear that upon the death of Harry B. Hortz on July 27, 1937, the money on deposit in the account in his name in trust for the decedent became her property to do with as she pleased, without any restrictions of any kind.

Does the fact that she deposited this money in the existing saving account in her name in trust for the deceased Hortz give his heirs any rights to the fund upon her death?

We think not. In our opinion the learned auditing judge has properly decided this case.

Counsel for exceptants cite Collopy's Estate, 33 D. & C. 169, in support of their contentions. In that case the auditing judge ruled that upon the death of the depositor the funds belonged to the estate of the predeceased beneficiary. However, exceptions were filed to this adjudication, which were sustained by a majority of this court in an opinion this day filed by Sinkler, J. In this opinion we adopted the rule set forth in comment (b) to section 58 of the Restatement of Trusts (p. 183) which reads as follows:

"The death of the beneficiary of a tentative trust of a savings deposit prior to the death of the depositor terminates the trust, and even though the depositor dies without having manifested an intention to revoke the trust and without having withdrawn the deposit, the personal representatives of the beneficiary will not be entitled to the amount on deposit at the death of the depositor."

This same view has been consistently upheld in New York. See Cunningham v. Davenport, etc., 147 N. Y. 43 (1895) ; Garvey v. Clifford, 114 App. Div. 193, 99 N. Y. Supp. 555 (1906) ; In re United States Trust Co. of N. Y., 117 App. Div. 178 (1907) ; In re Vaughan's Estate, 145 Misc. 332, 260 N. Y. Supp. 197 (1932), and In re Bulwinkle et al., 107 App. Div. 331, 95 N. Y. Supp. 176 (1905).

Counsel for exceptants seek to draw a distinction between the original funds in the decedent's savings account and the moneys deposited therein which came from Hortz's account after his death. In our opinion the source of the money which was deposited in her account is immaterial. It was all her property, subject entirely to her control, unimpressed with any trust. As pointed out by Sinkler, J., in Collopy's Estate, supra, all that the beneficiary had was an expectancy which might have been, but was not, converted into an estate of legal character by some act of the depositor.

The third paragraph of comment (*b*) to section 58 of the Restatement of Trusts states:

"A tentative trust of a savings deposit can be revoked by the depositor by his will. It is so revoked where by will he makes a disposition of the bank deposit in favor of anyone other than the beneficiary. It is also revoked where by will he makes a disposition of his property which cannot be carried out except by using the deposit, as for example where he leaves no other property than the deposit." See also Pozzuto's Estate, supra.

In the present case the decedent, by her will, left the residue of her estate to Hortz, who had been in her employ for many years. She provided, however, that if he should not be living at the time of her decease, this residue should be paid to the person who was with her as companion or caretaker at the time of her death. This seems to indicate that her primary concern was to insure adequate care and companionship for herself in her declining years. Aside from furniture and personal effects and some accrued income due her from an estate in which she was a beneficiary, aggregating less than $2,000, the savings fund in question constituted approximately 75 percent of her entire estate. This circumstance seems to negative exceptants' suggestion that she intended Hortz's next of kin to receive the proceeds of this savings account, and strengthens our conclusion that decedent intended this fund to form part of her estate.

The exceptions are therefore dismissed and the adjudication confirmed absolutely.

VAN DUSEN, P. J., and LADNER, J., concurring. — We concur in the result and with that part of the opinion only which holds that decedent having by will made such disposition of her property which could not be carried out except by using the deposit, must be held to have thereby effectually terminated the tentative trust. Pozzuto's Estate, 124 Pa. Superior Ct. 93, 96.