## McWilliams' Estate

Before Stearne, acting P. J., Sinkler, Klein, Bolger, and Ladner, JJ.

*Robert C. Kitchen,* for exceptants.
*J. Russell Gibbons,* contra.

KLEIN, J., March 8, 1940.—In considering cases involving savings fund accounts held in trust, it is wise to reëxamine and study carefully In re Totten, 179 N. Y. 112 (1904). The rule of the Totten case has been followed in many States, and this case is today the cornerstone of the law pertaining to the so-called savings account or tentative trusts.

The tentative trust doctrine was adopted by our Supreme Court in Scanlon's Estate, 313 Pa. 424, 427 (1933), in which the following quotation from the Totten case is found:

" 'A deposit by one person of his own money, in his own name as trustee for another, standing alone, does not establish an irrevocable trust during the lifetime of the depositor. It is a tentative trust merely, revocable at will, until the depositor dies or completes the gift in his lifetime by some unequivocal act or declaration such as delivery of the pass book or notice to the beneficiary. *In case the depositor dies before the beneficiary without revocation, or some decisive act or declaration of disaffirmance, the presumption arises that an absolute trust was created as to the balance on hand at the death of the depositor.*' " (Italics supplied.)

An interesting discussion of Scanlon's Estate, supra, as well as the law of tentative trusts generally, may be

found in 82 Univ. of Pa. Law Rev. 414, in which the following statement is made:

". . . the firmness with which the court expressly lays hold of the terminology and technique of the tentative trust approach is strong evidence of its intention to assimilate into Pennsylvania law *en masse* the relatively definite body of rules which has been developed in other jurisdictions to fit the hybrid characteristics of the new view."

The general rule is that, if the depositor dies first, the balance on deposit in the savings account becomes the property of the named beneficiary. In the event, however, of the prior death of the beneficiary, the courts have held that his interest in the account ceases and the fund becomes the absolute property of the depositor, free from the trust: Collopy's Estate, 33 D. & C. 169 (1938); Snyder's Estate, 33 D. & C. 25; In re Vaughan's Estate, 145 Misc. 332, 260 N. Y. Supp. 197 (1932); In re Collins' Estate, 139 Misc. 167, 249 N. Y. Supp. 291 (1931); In re Thompson's Estate, 85 Misc. 291, 147 N. Y. Supp. 157 (1914); Matter of Duffy, 127 App. Div. 74, 111 N. Y. Supp. 77 (1908); In re United States Trust Co. of N. Y., etc., 189 N. Y. 500 (1907); Garvey v. Clifford, 114 App. Div. 193, 99 N. Y. Supp. 555 (1906). See also A. L. I. Restatement of Trusts §58, comm. (*b*).

We have, however, been unable to find any reported cases in any jurisdiction involving the situation which exists in the present case where both the depositor and the beneficiary died simultaneously in a common disaster.

Tentative trusts are sui generis, and the rules of law ordinarily applied to trusts generally are not applicable. By way of illustration, see Tunnell's Estate, 325 Pa. 554, 559 (1937), in which this type of trust was pointed as an exception to the application of the general rules pertaining to trusts inter vivos.

It will, therefore, serve no useful purpose to debate the question whether a tentative trust is one that is subject to a condition subsequent of revocation rather than to a

condition precedent, the death of the depositor. A tentative trust is a device created by the courts to meet a new condition which has arisen with the great growth and development of savings fund accounts. Its use permits persons of limited means to maintain full control of their savings during their lifetime and yet pass it on at death to the object of their bounty without the formality and expense of probate proceedings.

The theory upon which tentative trusts are based apparently contemplates a living beneficiary to take at the death of the depositor. If the quotation from the Totten case, hereinbefore set forth, is studied, it will be seen that the vesting of the beneficiary's interest is predicated upon the depositor's dying before the beneficiary. This would indicate that the beneficiary must survive the depositor to receive the benefits of the trust.

In Collopy's Estate, supra, Judge Sinkler of this court said at page 171:

"The depositor in the present case retained all.the attributes of complete ownership over the fund. The beneficiary had no more than an expectation which might have been converted into an estate of legal character by an unequivocal act on the part of the depositor, or by omission, as in the Pozzuto case. Until the beneficiary's death nothing had been done by the depositor which created for the beneficiary anything other than an expectancy. When he died the beneficiary was not possessed of an estate which passed to his personal representatives. Therefore, the fund belongs to the estate of the depositor and not that of the beneficiary."

We are, therefore, of the opinion that one of the inherent incidents of a tentative trust is that the beneficiary must survive the depositor before title to the fund can vest in him, unless the gift is completed in depositor's lifetime by some unequivocal act or declaration. In the instant case the mother, who was the depositor, and the son, who was the beneficiary, died at the same time. Since the gift was not completed in the mother's lifetime, the

failure of the son to survive her vests title to the proceeds of the savings account in her personal representatives and not in his.

The exceptions are therefore dismissed and the adjudication confirmed absolutely.

LADNER, J., dissenting.—I feel impelled to dissent from the majority in this case, not only because of the reasons expressed in the dissenting opinion (in which Van Dusen, P. J., joined) in Collopy's Estate, 33 D. & C. 169, 173, but because this case goes even farther than the majority of this court went in that case. There the rule suggested in comment (*b*), sec. 58 of the A. L. I. Restatement of Trusts, was followed, viz:

"The death of the beneficiary of a tentative trust of a savings deposit *prior* to the death of the depositor terminates the trust, and even though the depositor dies without having manifested an intention to revoke the trust and without having withdrawn the deposit. . . ." (Italics supplied.)

In the instant case there is no proof that the beneficiary died *prior* to the death of the depositor, or vice versa (both having died in a common disaster). In absence of such proof the law regards neither as having survived the other: Kimmey's Estate, 326 Pa. 33. It follows, therefore, that neither Collopy's Estate, nor the comment of the A. L. I. Restatement of Trusts, on which it is based, controls.

The majority would disregard the only evidence of title before us, namely, the fact that decedent held the deposit not for herself, but in trust for the beneficiary. In Gaffney's Estate, 146 Pa. 49, following Smith's Estate, 144 Pa. 428, Chief Justice Paxson said (p. 54):

"We have, then, the case of a deposit on the books of the bank of a sum of money in the name of Hugh Gaffney, trustee for Polly McKim. This makes out at least a prima-facie case for the appellant. Upon the face of the bank book, the money belonged to Polly McKim, and there is

not sufficient upon the record to rebut this presumption. This money should have been awarded to the appellant."

I regard that case as controlling and would therefore sustain the exceptions.