OPINION OF THE COURT
Joseph S. Mattina, S.
In this discovery proceeding pursuant to SCPA 2103 and 2104, petitioners contend that an individual retirement account (IRA) held in the name of the decedent by Manufacturers and Traders Trust Company (hereinafter referred to as M & T Bank) was wrongfully disposed of by said bank.
A formal discovery hearing was held before this court on *668 November 9, 1988. That hearing produced the following facts. On February 28, 1984, Anthony Praczkajlo and M & T Bank signed an individual retirement account custodial agreement in which he named his brother, Walter Praczkajlo, as beneficiary. Walter Praczkajlo died on March 11, 1985, predeceasing Anthony who died on June 6, 1987. There was never any attempt on the part of Anthony Praczkajlo, while alive, to change the designated beneficiary when Walter Praczkajlo died.
In November of 1987, Jean Praczkajlo, the executrix of the estate of Walter Praczkajlo, went to M & T Bank to inquire about any potential rights which the estate of Walter Praczkajlo had in the IRA account. Apparently, M & T Bank informed Jean Praczkajlo that the estate of Walter Praczkajlo was entitled to the proceeds of the IRA account provided that the required documentation was presented to the bank. M & T Bank, in its papers, stated that they followed the procedures called for in its office operations manual and obtained from Jean Praczkajlo the following documents: affidavit for beneficiary and release agreement, a new IRA agreement naming Walter’s estate as the account holder, election for receipt of payments, release form, account opening deposit slips, and early withdrawal form.
Based upon Jean’s execution of the foregoing documents, M & T Bank issued a check dated November 3, 1987 in the amount of $12,168.52 made payable to "Walter Praczkajlo ABF Jean A. Praczkajlo”. The check represented the entire proceeds of the IRA account balance. Jean Praczkajlo has admitted receiving the amount of $12,168.52 from M & T Bank. Anthony Praczkajlo’s estate has now brought this discovery proceeding against M & T Bank and Jean Praczkajlo, claiming that the money from the IRA account was improperly diverted to Jean.
SCPA 2103 provides in pertinent part that,
"1. A fiduciary may present to the court which has jurisdiction over the estate a petition showing on knowledge or information and belief that any money or other personal property or the proceeds or value thereof which should be paid or delivered to him is
"(a) in the possession or control of a person who withholds it from him, whether possession or control was obtained prior to creation of the estate or subsequent thereto”.
Clearly, Surrogate’s Court has the statutory authority in a *669 discovery proceeding to determine whether or not certain assets in the possession of others belong to the estate.
What this court cannot do, however, is take jurisdiction of a case where there is a conflict of claims as between the third-party claimants. When such a situation arises, that matter has to be remitted to a court of general jurisdiction for trial of the issue of title. (Matter of Jacobsen, 178 Misc 479 [Sur Ct, NY County 1942].)
Therefore, it is this court’s opinion that Surrogate’s Court does have jurisdiction to hear and determine the claim that M & T Bank improperly diverted funds because this court has to determine if the petitioner herein is entitled to the proceeds from the IRA account.
The crucial issue now becomes whether or not the moneys on deposit in the individual retirement account with the M & T Bank belong to the estate of the named beneficiary or to the estate of Anthony Praczkajlo. In order to determine that issue, the court must look at the IRA custodial agreement entered into by the M & T Bank and the depositor, Anthony J. Praczkajlo, dated February 28, 1984.
A reading of that agreement under the heading of "Beneficiaries” indicates as follows:
"The amount remaining in your account will be paid in (check one of the boxes):
□ "a one-time payment □ over 36 months
"If you chose payments over 36 months, we will pay your beneficiaries in approximately equal amounts over that period.
"ANY FUNDS IN YOUR ACCOUNT NOT DISTRIBUTED ACCORDING TO ONE OF THE DIRECTIONS BELOW WILL BE PAID TO YOUR ESTATE.
"You can change your beneficiaries and how they will be paid at any time by filing a 'Change in Beneficiary Form’ with us. We will give you the form.
"You must place your initials next to one of the directions below. We will follow the direction you initial to pay your account when you die.
"The words 'your surviving spouse’ mean the person married to you on the day you die.
"The word 'living,’ as it is used below, means living at the date of the payment.
"1.__The amount remaining in your account will be paid to your surviving spouse. If there is no one who is your surviving spouse, the amount remaining in your account *670 will be paid to your living children in equal shares. If any of your children have died and left children living, their children will receive the share (divided into equal shares) your child who died would have received if that child were living.
"2.__The amount remaining in your account will be paid to your surviving spouse. If there is no one who is your surviving spouse, the amount remaining in your account will be paid to the person or persons named in the spaces below. If you name more than one person and more than one of those persons are living, the amount remaining in your account will be paid in equal shares to those persons living.
"name_
"address_
"name_
"address_
"3.__The amount remaining in your account will be paid to your living children in equal shares. But if any child has died and left children living, those children will receive the share (divided into equal shares) your child who died would have received if that child were living.
"4.__The amount remaining in your account will be paid to your father and mother, in equal shares, or to one of them if only one is living. If neither your father or mother is living, the amount remaining in your account will be paid to your living brothers and sisters in equal shares. But if any brother or sister has died and left children living, those children will receive the share (divided into equal shares) your brother or sister who died would have received if living.
"[*]5. X A.P. The amount remaining in your account will be paid to the person or persons named in the space below. If you name more than one person and more than one of those persons are living, the amount remaining in your account will be paid in equal shares to those persons living.”
Obviously, the funds in the account could not be distributed according to the direction of the depositor under paragraph 5 of the agreement, since the beneficiary had already predeceased the decedent. That is to say, a reading of the language in each and every provision from 1 through 5 indicates that in order for the particular provision to go into effect, the person or persons designated beneficiary must, in fact, be living at the time that the payment is to be made. In such a situation, one must look to the italicized language that prefaces provi *671 sions 1 through 5. That language makes it eminently clear that where one cannot distribute funds to a living person because of his predeceasing the decedent, in this case Walter Praczkajlo, according to provision number 5 selected by the decedent, then the moneys must be paid to the estate.
Even if one were not to look at the clear language of the agreement, one could analogize the IRA account to a Totten trust. In that situation, if the depositor survives the beneficiary, the trust terminates and title to the funds continues in the depositor, in this case the estate of Anthony Praczkajlo. (Matter of United States Trust Co., 117 App Div 178 [1st Dept 1907].)
A further analogy can be drawn in looking at a situation involving a joint bank account. Banking Law § 675, in effect, states that upon the death of the first of the joint tenants to die, the survivor becomes entitled to the whole fund. The right of each joint tenant to ultimately succeed to the fund is the survivor and is a present right which arises upon the creation of the account, and which neither can destroy. (Moskowitz v Marrow, 251 NY 380 [1929].) In this case the survivor was the decedent and as such, his estate is entitled to the funds.
Banking Law § 675 provides in pertinent part the following:
"(a) When a deposit of cash * * * has been made * * * in the name of such depositor * * * and another person and in form to be paid or delivered to either, or the survivor of them, such deposit * * * shall become the property of such persons as joint tenants and the same, together with all additions and accruals thereon * * * may be paid or delivered * * * to the survivor after the death of one of them * * *.
"(b) The making of such deposit * * * in such form shall, in the absence of fraud or undue influence, be prima facie evidence, in any action or proceeding to which the * * * surviving depositor * * * is a party, of the intention of both depositors * * * to create a joint tenancy and to vest title to such deposit * * * and additions and accruals thereon, in such survivor.” (Emphasis added.)
Finally, another comparison can be made between an IRA account and an insurance policy wherein a beneficiary’s interest is terminated by his death, and, if no other beneficiary is designated to take that interest, the interest is deemed to revert as a lapsed trust to the insured or his legal representative. Akin to a Totten trust, joint bank account and/or insurance policy, an IRA account would likewise vest title in the *672 beneficiary if he survives the depositor. Conversely, if the depositor of the IRA account survives the beneficiary, then title to the funds continues in the depositor, here the estate of Anthony Praczkajlo, free and clear. In other words, when Anthony J. Praczkajlo named his brother as beneficiary of the IRA account, and did not name an alternate beneficiary, and when that brother predeceased Anthony J. Praczkajlo, that made the estate of Anthony J. Praczkajlo the proper owner of that asset.
Therefore, based upon the above, the IRA contract itself and the analogies stated, M & T Bank is hereby directed to pay over to the estate of Anthony J. Praczkajlo the amount of $12,168.52, together with interest accrued from November 3, 1987 to the date of the signing of this order.
The court hereby leaves the issue of the rights between M & T Bank and Jean Praczkajlo to a court of general jurisdiction. (Matter of Jacobsen, supra.)

 Indicates that opinion No. 5 was selected by Anthony Praczkajlo.